McBRIDE, Judge.
A decision in this suit which presents a claim for $707.19, the amount of the alleged damage sustained by Champagne’s automotive ambulance in an intersectional collision with defendant's automobile on September 18, 1959, rests upon a determination of which driver had the green light.
Plaintiffs’ vehicle was traveling on Tole-dano Street in the direction of the lake. Their driver, who had stopped on the Claiborne Avenue neutral ground in obedience to a red signal light, states that when the green light appeared, he attempted to cross the uptown-bound roadway and ran into the front portion of the left side of defendant’s automobile.
On the other hand, the defendant, who was driving in an uptown direction on South Claiborne Avenue, insists it was he who had the favorable signal light. He says plaintiffs’ vehicle came'from the neutral ground and ran into his car.
The only other evidence respecting the color of the signal light appears from the police report, of the accident. This recites defendant “admitted running across red light.” Defendant vehemently denies he made such admission. He claims he told the officer he had the favorable green light. The officer who investigated the accident and wrote the report was neither produced as a witness nor was his absence accounted for. Under that circumstance we can give no probative force to the contents of the report which defendant disavows.
Also, an unfavorable inference arises against plaintiffs for their failure to produce as witnesses the two persons who were riding in the ambulance or to explain the reason for their nonappearance. The failure of a litigant who has not made his case certain to call material witnesses raises the legal presumption that their testimony would have been unfavorable to the litigant.
Considering all aspects of the case, it appears the conclusion of the trial judge is correct. At least we fail to find manifest *206 error therein. The judgment which dismisses plaintiffs’ demands is affirmed.
Affirmed.